UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON BOJORQUEZ SALCIDO,<br><br>　　Petitioner,<br><br>　　v.<br><br>VINCENT CULLEN, Warden of<br>California State Prison at San Quentin,<br><br>　　Respondent. | CASE NO. CV 09-0586 MMC<br><br>**DEATH PENALTY**<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART WITHOUT<br>PREJUDICE PETITIONER'S MOTION<br>FOR EQUITABLE TOLLING AND FOR<br>STAY OF FEDERAL LITIGATION |

On May 19, 2010, petitioner filed a petition for a writ of habeas corpus, which petition appears to consist entirely of state court pleadings. That same date, petitioner filed a Motion for Equitable Tolling and for a Stay of Federal Litigation Until Appointment of Counsel, by which motion petitioner seeks tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations for the filing of a federal habeas petition, based on his lack of appointed counsel during the time his federal petition was due. By said motion, petitioner seeks tolling for two consecutive time periods: (1) the number of days elapsing between the date of final judgment on his conviction in state court, specifically, May 20, 2009, and the date on which counsel is appointed herein, which appointment has not yet been made; and (2) one additional year from the date of appointment of counsel, to allow for the preparation of an amended petition. Additionally,

petitioner, by said motion, requests the Court stay litigation with respect to the instant petition until such time as counsel is appointed.

AEDPA imposes a one-year deadline for the filing of a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The one-year limitations period is not jurisdictional and can be equitably tolled. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287-89 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court ("Kelly V")*, 163 F.3d 530 (1998) (en banc). To obtain equitable tolling, a prisoner must show extraordinary circumstances beyond his control make it impossible for him to file a petition within the time mandated by AEDPA. *Beeler*, 128 F.3d at 1288.

In the instant case, petitioner requests prospective equitable tolling for an indefinite period of time. As noted, counsel has not yet been appointed; nor is the date of such appointment known, let alone the need for or the nature of any amendment to the petition once such appointment is made. The Court declines to make an equitable determination encompassing an indefinite period of time and unknown future events.

Accordingly, to the extent petitioner seeks equitable tolling, the motion is hereby DENIED, without prejudice to refiling after counsel is appointed.

Good cause appearing, to the extent petitioner seeks a stay, the motion is hereby GRANTED, and all further proceedings herein are stayed pending the appointment of counsel for petitioner.

IT IS SO ORDERED.

DATED: June 9, 2010

MAXINE M. CHESNEY
United States District Judge