# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMON BOJORQUEZ SALCIDO,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL MARTEL,<br>Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number 09-00586 MMC<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING MOTION FOR EQUITABLE TOLLING; VACATING HEARING |

Petitioner is a condemned inmate at San Quentin State Prison. On October 13, 2011, he filed a Motion for Equitable Tolling. Respondent filed an Opposition on November 9, 2011. On November 28, 2011, Petitioner filed a Reply. For the reasons listed below, the Court grants Petitioner's motion.

**Background**

On October 30, 1990, Petitioner, a citizen of Mexico, was convicted of six counts of first degree murder, one count of second degree murder and two counts of attempted premeditated murder. The jury also found true the multiple murder special circumstance. He was sentenced to death on December 17, 1990.

Evidence at trial established that on April 14, 1989, Petitioner drove his three young daughters, Sofia, Carmina and Theresa to an isolated gulch in Sonoma County, where he cut their throats, resulting in the deaths of Sofia and Carmina. Petitioner then drove to his mother-in-law's house and killed her and her two daughters. He returned home and shot his wife. He then drove to his workplace at Grand Cru Vineyard, where he shot to death his supervisor. Petitioner subsequently drove to the residence of another supervisor, whom he shot and injured.

The Supreme Court of California affirmed his conviction and sentence on June 30, 2008. *People v. Salcido*, 44 Cal. 4th 93 (2008). The United States Supreme Court denied certiorari on January 21, 2009. *Salcido v. California*, 129 S. Ct. 1013 (2009). The Supreme Court of California denied Petitioner's state habeas petition on May 20, 2009. *In re Salcido*, Cal. Supr. Ct. No. S091159.

Petitioner initiated the present federal capital habeas action on February 9, 2009, when he asked the Court to appoint counsel and to stay his execution pending the completion of this action. The next day, the Court granted Petitioner's requests and referred the matter to the Court's Selection Board for recommendation of counsel to represent him.

On May 19, 2010, not yet having been appointed counsel, Petitioner filed a pro se habeas petition consisting entirely of state court pleadings, as well as a Motion for Equitable Tolling and for a Stay of Federal Litigation Until Appointment of Counsel. On June 9, 2010, the Court denied his request for tolling without prejudice to refiling once counsel was appointed, and stayed all proceedings until the date of such appointment. Petitioner was appointed counsel on August 10, 2011.

By the instant motion, Petitioner requests the statute of limitations be tolled from May 20, 2009, the date on which the Supreme Court of California denied his state habeas petition, until August 10, 2011, the date on which federal habeas counsel was appointed. Such tolling will give Petitioner one year, until August 10, 2012, to file a finalized petition,[1] which petition would replace the placeholder petition Petitioner filed on May 19, 2010. Respondent opposes

---

[1] In capital habeas actions, "[t]he term 'finalized petition' shall refer to the petition filed by retained or appointed counsel. . . ." Habeas L.R. 2254-28(a).

2

ORDER GRANTING MOTION FOR EQUITABLE TOLLING

this request.

## Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions submitted by prisoners challenging state court judgments must generally be filed within one year of the date on which the state judgment becomes final upon conclusion of direct review. 28 U.S.C. § 2241(d)(1)(A). A state court judgment becomes final when the United States Supreme Court denies certiorari. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). AEDPA's one-year limitations period is statutorily tolled however, during the pendency of a properly filed application for post-conviction or other collateral review in state court. 28 U.S.C. § 2244(d)(2).

In Petitioner's case, the United States Supreme Court denied his petition for a writ of certiorari on January 21, 2009, and the Supreme Court of California denied his state habeas petition on May 20, 2009. His limitations period began to run on May 20, 2009.

The Supreme Court of the United States has held that "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. ___, 130 S. Ct. 2549, 2554 (2010). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation and citation omitted).

An indigent capital habeas petitioner has a statutory right to counsel. 18 U.S.C. § 3599(a)(2). This right includes "a right to legal assistance in the preparation of a habeas corpus application." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An attorney's assistance in preparing a capital habeas petition is crucial, owing to the complex nature of capital habeas proceedings and the seriousness of the death penalty. *Id.* at 855–56. In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858. In capital cases, the Ninth Circuit has found equitable tolling warranted in cases where circumstances beyond an inmate's control effectively deprived him of his statutory right to counsel. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1287-89 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United*

*States District Court ("Kelly V")*, 163 F.3d 530 (1998) (en banc) (holding statute equitably tolled where petitioner's lead attorney moved out of state and made it impossible for replacement attorney to file petition within statutory limits). When a condemned prisoner has requested counsel and counsel is not appointed until after the deadline for filing a timely petition has passed, the lack of counsel is an extraordinary circumstance that stands in the prisoner's way and prevents the timely filing of a petition that has been prepared with the assistance of counsel, which is the petition that the prisoner has a statutory right to file. *See Smith v. Ayers*, No. 3-4-cv-3436-CRB (N.D. Cal. Jan. 8, 2009); *Stanley v. Martel*, No. 3-7-cv-4727-EMC (N.D. Cal. July 26, 2011); *Hoyos v. Wong*, No. 3-9-cv-388-L-NLS, 2010 WL 596443, at *4–*5 (S.D. Cal. Feb. 16, 2010). Indeed, "were the Court to hold otherwise, a capital habeas petitioner's right to counsel would be thoroughly eviscerated." *Smith*, slip. op. at 3.

Such is the case with Petitioner, for whom the Court was unable to appoint counsel until more than one year after the limitations period otherwise would have expired. In addition, Petitioner "has been pursuing his rights diligently," *see Holland*, 130 S. Ct. at 2562, as evidenced by the fact that he initiated the present action and invoked his right to counsel approximately four months before his limitations period began to run, *see Hoyos*, 2010 WL 596443, at *5. He also filed a pro se petition compiled from state court pleadings, and did so before the limitations period ended. Accordingly, Petitioner is entitled to equitable tolling.

As to the length of the period to be tolled, the Court finds the extraordinary complexity of this case warrants tolling for a period of one year. The record of the trial alone constitutes ninety-nine volumes of reporter's transcripts. The investigation of Petitioner's crimes, together with the trial, involved a number of foreign, federal, state and local law enforcement and governmental agencies, thus expanding the scope of investigation preparatory to the filing of his federal habeas petition. The distance between counsel's location, Southern California, and the areas where much of the investigation is intended to take place, Northern California and Mexico, further adds to the time needed to prepare the petition. Under such circumstances, the Court finds Petitioner will require a year from counsel's appointment to prepare and file a finalized petition.

ORDER GRANTING MOTION FOR EQUITABLE TOLLING

Respondent contends federal habeas review of Petitioner's conviction and sentence is effectively barred by *Pinholster*. *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388 (2011). *Pinholster* is inapposite. *Pinholster* held federal habeas review of a state court's adjudication of a claim on the merits, *see* 28 U.S.C. § 2254(d)(1) (2006), "is limited to the record that was before the state court that adjudicated the claim," *Pinholster*, 131 S. Ct. at 1398. There is no discussion in *Pinholster* of equitable tolling or of anything else related to the habeas statute of limitations.

Respondent further contends a petitioner's pro se status and lack of legal sophistication do not constitute extraordinary circumstances warranting equitable tolling. The authorities respondent cites in support of his argument, *see*, *e.g.*, *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jihad v. Hvass*, 267 F.3d 803 (8th Cir. 2001), are non-death penalty habeas cases where the petitioner therein did not have a statutory right to counsel. Consequently, such cases do not support Respondent's contention.

Respondent also argues that this Court should deny Petitioner's request for equitable tolling because: (1) Petitioner had counsel on direct appeal and in state habeas proceedings, and therefore could have used their materials to prepare a timely federal petition, and (2) the exhaustion doctrine requires the initial presentation of all claims to state court, and thus all claims Petitioner is entitled to raise in his federal petition were known to him on May 20, 2009, when the state court denied his state habeas petition. Neither the availability of state habeas counsel, nor the exhaustion requirement however, moots Petitioner's right to federal habeas review or to equitable tolling.

Accordingly, good cause therefor appearing, Petitioner's motion is hereby GRANTED. Unless otherwise ordered, Petitioner shall file his finalized petition on or before August 10, 2012. The hearing on Petitioner's motion, currently set for December 16, 2011, is hereby VACATED.

IT IS SO ORDERED.

DATED: December 13, 2011

_____
MAXINE M. CHESNEY
United States District Judge

5

ORDER GRANTING MOTION FOR EQUITABLE TOLLING