SEAN K. KENNEDY (No. 145632)
Sean_Kennedy@fd.org
Federal Public Defender
MARTA VANLANDINGHAM (No. 251661)
Marta_VanLandingham@fd.org
MICHAEL D. WEINSTEIN (No. 262179)
Michael_Weinstein@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Petitioner
RAMON BOJORQUEZ SALCIDO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON BOJORQUEZ SALCIDO,<br><br>Petitioner,<br><br>v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>Respondent. | No. CV 09-00586 MMC<br><br>**DEATH PENALTY CASE**<br><br>**MOTION FOR *BITTAKER* PROTECTIVE ORDER; DECLARATION OF COUNSEL; EXHIBIT A; PROPOSED ORDER**<br><br>**Hearing Date Requested:<br>September 14, 2012; 9:00 a.m.** |

Petitioner Ramon Bojorquez Salcido ("Salcido" or "Petitioner"), by and through his attorneys of record, brings this Motion, to be heard on September 14, 2012, at 9:00 a.m., for a Protective Order pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), to protect privileged attorney client communications and work product information that is being disclosed to Respondent in Salcido's Petition for Writ of Habeas Corpus ("Petition"), which is being lodged concurrently with the filing of this Motion, as well as in any further litigation of Salcido's claims.

This Motion is based upon the attached Memorandum of Points and Authorities, Declaration of Counsel, and Exhibit A, all files and records in this case,

1

1 and such further information as may be adduced to the Court with respect to this
2 Motion.
3     Salcido is also filing separately an Administrative Motion to File Under Seal
4 portions of his Petition for Writ of Habeas Corpus and Exhibits 59, 65, 67-70, and
5 75-80 ("Under Seal Motion").  That Motion is brought pursuant to *Bittaker*, this
6 Court's Local Rules, and California policy requiring courts to take adequate measures
7 to protect juror identifying information.  Exhibits 59, 65, 69-70, and 75-80 fall under
8 the scope of confidential trial counsel materials and *Bittaker* protection; exhibits 67
9 and 68 are juror declarations.  The Under Seal Motion is incorporated herein by
10 reference.
11     Salcido's counsel and Respondent's counsel have discussed the nature of
12 Salcido's request.  Respondent's counsel informed undersigned counsel that
13 Respondent would respond following the filing of this motion.
14     For the reasons stated herein, Salcido respectfully requests that this Court issue
15 the proposed *Bittaker* Protective Order to ensure that the privileged information in the
16 Petition remains protected, both immediately and permanently.  Salcido asks that the
17 unredacted version of the Petition as well as Exhibits 59, 65, 69-70, and 75-80 remain
18 under seal.
19
20                       Respectfully submitted,
21                       SEAN K. KENNEDY
                      Federal Public Defender
22
23 DATED:  August 9, 2012       By:  */S/ Michael Weinstein*
                                             MICHAEL WEINSTEIN
24                                         Deputy Federal Public Defender
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PROCEDURAL HISTORY

On August 9, 2012, Salcido lodged a Petition for Writ of Habeas Corpus in this Court. In order to adequately plead his claims, Salcido includes in his Petition facts and statements from his trial team relating to their representation of Salcido at trial. These facts and statements are protected by the attorney-client privilege and work-product doctrine.[1] This privileged information is referenced throughout the Petition, but most often in Claims One and Two, which relate to defense counsel's ineffectiveness at trial, and Claim Six, which relates to Salcido's competence to stand trial.

In light of the inclusion of these facts and statements, Salcido lodged, in accordance with Civil Local Rule 79-5(c)(3), a complete, unredacted version of the Petition and its exhibits conditionally under seal with portions of the Petition highlighted so that the Court can easily discern which portions of the Petition Salcido seeks to redact, as well as a public version with the privileged material redacted.

Salcido hereby respectfully requests that this Court issue a *Bittaker* Protective Order. The proposed redacted portions of the Petition and related exhibits fall squarely under the rubric of the protections contemplated in *Bittaker*. *See Bittaker v. Woodford*, 331 F.3d 715, 719-20 (9th Cir. 2003). Accordingly, Salcido respectfully requests that the Court enter the attached protective order regarding: (1) documents and materials, including declarations derived from the trial team and excerpts from trial counsel's files, that Salcido provides to Respondent during this habeas action; (2) any related testimony provided at an evidentiary hearing in this matter; and (3) any reference to such documents or testimony in the parties' pleadings submitted to this Court.

---

[1] Materials and testimony subject to a privilege and/or subject to the work product doctrine will be referred to collectively hereinafter as "privileged material" or "privileged information."

1    Courts in this Circuit routinely grant such requests and issue similar protective
2 orders. (*See* Ex. A.) Salcido submits a Proposed Protective Order that tracks the
3 language of the order that was approved by the Ninth Circuit in *Bittaker*.

**II.    OVERVIEW OF THE SCOPE OF THE PROPOSED ORDER**

Salcido seeks an Order that all privileged documents and testimony produced to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding by: (a) Salcido and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Salcido v. Chappell* by the Office of the Federal Public Defender, and persons retained by Salcido's counsel to litigate this matter, including, but not limited to, outside investigators, consultants, and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Salcido v. Chappell* by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants, and expert witnesses.

Salcido requests that this Protective Order also apply to privileged portions of declarations from Salcido's defense team, including trial counsel.

Salcido requests that, except for disclosure to the persons and agencies described above, disclosure of the contents of the documents and testimony as well as the documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's prior approval.

Salcido proposes that all documents and testimony he designates as privileged that are submitted to this Court shall be submitted under seal in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record.

Salcido requests an Order that his disclosure of documents from trial counsel's files in this action, and any related testimony by Salcido or members of Salcido's trial

4

1 team at a deposition or evidentiary hearing in this case, does not constitute a waiver of his rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

### III. ARGUMENT

In *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), the Ninth Circuit upheld a District Court protective order that precluded the use of the petitioner's privileged materials "for any purpose other than litigating the federal habeas petition, and barring the Attorney General from turning them over to any other persons or offices, including, in particular, law enforcement or prosecutorial agencies." *Id.* at 717. In approving the protective order, the Ninth Circuit explicitly recognized that, while "the fairness principle" requires a litigant to make a limited waiver of the attorney-client privilege when he puts the lawyer's performance at issue during the course of litigation, *id.* at 718-19, courts must "closely tailor[] the scope of the waiver to the needs of the opposing party in litigating the claim in question." *Id.* at 720.

The Ninth Circuit explained that two prevailing considerations justified extending protections to privileged information disclosed during habeas litigation. First, a broad waiver rule – i.e., one that did not protect such information – "would no doubt inhibit the kind of frank attorney-client communications and vigorous investigation of all possible defenses that the attorney-client and work product privileges are designed to promote." *Id.* at 722. Stated otherwise, the protective order was necessary to guard against the chilling effect a broad waiver rule might have on a defense lawyer's representation of his client at trial. *See id.* at 721 (discussing the importance of preserving and protecting the attorney-client privilege).

Second, and relatedly, the Ninth Circuit wanted to ensure that both the prosecution and defense would be put "back at the same starting gate" if the petitioner won habeas relief. *Id.* at 722-23. "[A]llowing the prosecution at retrial to use information gathered by the first defense lawyer – including defendant's statements to his lawyer – would give the prosecution a wholly gratuitous

5

advantage." *Id.* at 724.  Based on these two considerations, the Ninth Circuit found it was appropriate to fashion a protective order that prevented the prosecution from reaping "such a munificent windfall for use in proceedings unrelated to the matters litigated in federal court." *Id.*

*Bittaker* dealt with a protective order in the case of court-compelled discovery. But as many courts in this Circuit have recognized, its reasoning applies to all stages of habeas litigation, including the filing of a petition, because the same concerns noted by the *Bittaker* court that are present during discovery are also present during the initial filing stage.  (*See* Exhibit A.[2])  In this case, for example, in order to allow Respondent a fair opportunity to litigate Salcido's claims, Salcido must, from the beginning, rely on and disclose privileged materials to Respondent, including trial counsel declarations and files.  If Salcido only divulges an incomplete, unsupported claim in his Petition, Respondent would no doubt then seek summary judgment on Salcido's claims or otherwise seek to have them dismissed as insufficient on other grounds.

Thus, like the petitioner in *Bittaker*, Salcido has faced:

---

[2] It has been the practice of courts in this Circuit to follow *Bittaker* in habeas cases where Sixth Amendment violations are alleged and to enter protective orders regarding the attorney-client and work product material throughout the federal habeas proceedings and throughout a potential state court retrial.  In addition to the order attached as Exhibit A, similar orders have been entered in many other cases. *See, e.g.*, *Hernandez-Oregel v. United States*, 2012 U.S. Dist. LEXIS 57453 (N.D. Cal. Apr. 23, 2012); *Stanley v. Martel*, 2012 U.S. Dist. LEXIS 7673 (N.D. Cal. Jan. 24, 2012); *see also Jones v. Martel*, CV-04-2748-ODW (C.D. Cal. Apr. 25, 2012); *Kipp v. Ayers*, CV-99-04973-ABC (C.D. Cal.Oct. 31, 2008); *Platas v. Scribner*, CV-04-0383-CBM (CW) (C.D. Cal. Oct. 24, 2008); *Waidla v. Ayers*, CV-01-00650-AG (C.D. Cal. Aug. 11, 2008); *Barry Williams v. Ayers*, CV-00-10637-DOC (C.D. Cal. Mar. 19, 2008); *Allison v. Ayers*, CV-92-06404-CAS (C.D. Cal. Dec. 26, 2007); *Gonzalez v. Walker*, CV-01-00300-FMC (JTL) (C.D. Cal. Apr. 17, 2007); *Guerrera v. Felker*, CV-05-08313-CJC (RNB) (C.D. Cal. Nov. 21, 2006); *Blair v. Ayers*, CV-99-06859-MRP (C.D. Cal. Aug. 16, 2006); *Lemons v. McGrath*, CV-05-08241-TJH (RNB) (C.D. Cal. Jun. 22, 2006); *Burt v. Yarborough*, CV-03-09364-SJO (PLA) (C.D. Cal. Sep. 20, 2005); *Fauber v. Woodford*, CV-95-06601-WJR (C.D. Cal. Jun. 17, 2004); and *Duncan v.Woodford*, CV-92-01403-AHS (C.D. Cal. Dec. 15, 2003).

the painful choice of, on the one hand, asserting his
ineffective assistance claim and risking a trial where the
prosecution can use against him every statement he made to
his first lawyer and, on the other hand, retaining the
privilege but giving up his ineffective assistance claim.

*Bittaker*, 331 F.3d at 723-24. To preserve his constitutional rights, both in this proceeding and any future proceedings, Salcido must be allowed to divulge the claim's privileged basis without fear that doing so will poison a possible retrial.

To that end, *Bittaker* specifically speaks to the method that should be followed in protecting the confidentiality of attorney-client communications and materials. The Ninth Circuit stated that the district court must "ensure compliance with . . . the limitations impose[d] on the dissemination of confidential materials." *Bittaker*, 331 F.3d at 728. Based upon *Bittaker*, the only way to ensure compliance is through a sealing order so that the confidential materials cited in support of Salcido's claims are not subject to public inspection. Further, a *Bittaker* Protective Order is meant to extend to any potential retrial of Petitioner. *Id.* at 722.

Therefore, because Salcido must support his Petition with all relevant available documentation, he requests this Court grant a *Bittaker* Protective Order in this case, as well as grant his Administrative Motion to File Under Seal. The issuance of such orders will not only ensure that Salcido can fairly litigate his claims now without fear of compromising his right to a fair retrial later, but will also further the goals and principles underlying the *Bittaker* decision.

## IV.  PROPOSED PROTECTIVE ORDER

Salcido proposes the following Protective Order and lodges a duplicate proposed order concurrently herewith:

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), this Court enters the following Protective Order regarding: (1) documents and materials, including declarations, derived from the trial team or trial counsel files that Salcido

1 provides to Respondent during this habeas action; (2) any related testimony provided
2 at an evidentiary hearing in this matter; and (3) any reference to such documents or
3 testimony in the parties' pleadings submitted to this Court.

4     1.    To the extent that the Court will order the production of
5 documents and discovery in this matter that Petitioner contends are
6 subject to claims of privilege or protected from disclosure by the
7 attorney work product doctrine, and to the extent that this Court will
8 order Petitioner's trial counsel's file, including the files of other defense
9 team members, be produced to the Respondent (or Petitioner turns over
10 such documents voluntarily by filing any part of the material as
11 supporting evidence in this action), such discovery shall be subject to
12 this Protective Order and shall remain confidential and sealed. Further,
13 to the extent that this Court will order the taking of the depositions of
14 trial counsel, other members of the defense team, Petitioner, if such
15 deposition is granted, and Petitioner's experts, such discovery shall be
16 subject to this Protective Order and shall remain confidential and sealed.
17 If an evidentiary hearing is held in this case, any testimony by Petitioner,
18 Petitioner's experts, trial counsel, and any trial defense team member
19 shall be subject to this Protective Order and shall remain confidential
20 and sealed. Petitioner contends that the testimony provided by these
21 witnesses is subject to claims of privilege and/or protected from
22 disclosure by the attorney work-product doctrine.

23     2.    All privileged documents and testimony produced to
24 Respondent in this action may be used only for purposes of litigating this
25 habeas corpus proceeding by: (a) Petitioner and the members of the
26 legal team, i.e., lawyers, paralegals, investigators, and support staff,
27 assigned to *Salcido v. Chappell* by the Office of the Federal Public
28 Defender, and persons retained by Petitioner's counsel to litigate this

matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Salcido v. Chappell* by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses.  This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter.  All such individuals shall be provided with a copy of this Protective Order.

        3.     Except for disclosure to the persons and agencies described in Paragraph 2, disclosure of the contents of the documents and testimony and the documents and testimony themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order.  If Respondent contends that he needs to disclose Petitioner's privileged material to outside prosecutorial agencies, outside law enforcement personnel, experts, consultants, deponents or witnesses in order to investigate or respond to Petitioner's habeas claims, Respondent shall provide to Petitioner's counsel (a) the identity of the individual/s to whom access is going to be provided, and (b) Respondent's reasons therefor.  Petitioner shall notify Respondent within three court days of his non-opposition or objection to Respondent's proposal.  If Petitioner objects to Respondent's proposal, and if the parties cannot resolve their differences within three additional court days, Petitioner shall provide his written objection to Respondent within three further court days.  Respondent shall file and serve a document containing Petitioner's objections and Respondent's responses within

three additional court days.  The Court shall rule on Petitioner's objections before the privileged materials are disclosed.  Any person obtaining access to the privileged material pursuant to this process shall also be given a copy of this Protective Order and shall sign a statement agreeing to be bound by the terms of this Protective Order.

4.  Documents and testimony that Petitioner contends are privileged shall be clearly designated as such by labeling the documents or testimony in a manner that does not prevent reading the text of the document.

5.  All documents and testimony designated as privileged by Petitioner that are submitted to this Court shall be submitted under seal in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record. Should an evidentiary hearing be held in this matter, privileged testimony shall be clearly designated as such by marking the transcripts of the proceeding.  Any pleading, deposition transcript, discovery response or request, or other papers served on opposing counsel or filed or lodged with the court that contains or reveals the substantive content of the privileged matter shall be filed under seal, and shall include a separate caption page that includes the following confidentiality notice or its equivalent:

TO BE FILED UNDER SEAL

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED

6.  If privileged documents or documents containing privileged matters are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the

case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

7. Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by Petitioner or members of Petitioner's trial team at a deposition or evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

8. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

9. Salcido's unredacted Petition for Writ of Habeas Corpus shall remain under seal.

10. Exhibits 59, 65, 69-70, and 75-80 shall remain under seal.

//
//
//
//

## IV. CONCLUSION

For these reasons, Salcido requests this Court grant a *Bittaker* Protective Order.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: August 9, 2012    By:    */S/ Michael Weinstein*
MICHAEL WEINSTEIN
Deputy Federal Public Defender

# DECLARATION OF MICHAEL WEINSTEIN

I, Michael Weinstein, hereby state and declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California appointed to represent Ramon Bojorquez Salcido in the above-entitled action.

2. On August 6, 2012, my co-counsel Marta VanLandingham and I spoke by phone with Supervising Deputy Attorney General Glenn R. Pruden and Deputy Attorney General Alice B. Lustre, counsel for Respondent, and asked them if they would stipulate to a *Bittaker* Protective Order.  They declined to stipulate at that time, and informed us that they would respond to this motion upon its filing, per the standard motion practice.

3. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: August 9, 2012            By:   */S/ Michael Weinstein*
                                                             MICHAEL WEINSTEIN
                                                             Deputy Federal Public Defender

                                                             Attorney for Petitioner
                                                             RAMON BOJORQUEZ SALCIDO