UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMON BOJORQUEZ SALCIDO,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>KEVIN CHAPPELL,<br>Acting Warden of San Quentin State Prison,<br><br>　　　　　　Respondent. | Case Number 09-00586 MMC<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING MOTION TO FILE UNDER SEAL PORTIONS OF PETITION FOR WRIT OF HABEAS CORPUS |

　　　　Petitioner is a condemned inmate at San Quentin State Prison. On August 9, 2012, he filed an Administrative Motion to File Under Seal Portions of the Petition for Writ of Habeas Corpus. On August 22, 2012, Respondent filed an Opposition. On September 5, 2012, Petitioner filed a Reply. For the reasons set forth below, Petitioner's motion will be granted.

**Background**

　　　　The procedural history of the instant case is provided in the Court's concurrently filed Order Granting Motion for *Bittaker* Protective Order and, with the exception of matters also relevant to the instant motion, is not repeated herein.

　　　　On August 9, 2012, Petitioner lodged a complete, unredacted version of his Petition and

ORDER GRANTING MOTION TO FILE UNDER SEAL

exhibits, as well as a redacted version of the same documents.  Concurrently, Petitioner filed a Motion for *Bittaker* Protective Order, seeking to protect privileged attorney-client communications and work product information disclosed in his Petition and in any further litigation of his claims.  As noted, the Court has granted the requested protective order.

In the instant motion, Petitioner requests that his unredacted Petition and certain exhibits be filed under seal, *nunc pro tunc* as of the date lodged.  Specifically, Petitioner seeks leave to file under seal two exhibits containing juror declarations and the portions of Claim 10 comprising photographs of jurors, as well as portions of the Petition and exhibits containing privileged attorney-client communications and work product information.  Petitioner also requests the redacted and unredacted versions of his Petition and exhibits be filed *nunc pro tunc* as of the date lodged.

## Discussion

A court has inherent power to seal documents in appropriate circumstances.  *United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987).  Although there exists a strong presumption in favor of access to court records, the right of access is not absolute and may be overridden given sufficiently compelling reasons to do so.  *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Here, compelling reasons justify the relief requested.  The sealing of juror declarations and photographs (Exhibits 67, 68 and portions of Claim 10) will protect the identities of jurors in accordance with the state's interest in affording such protection.  *See* Cal. Civ. Proc. Code § 237(a)(2) (providing for post-trial sealing of "personal juror identifying information"); Cal. R. Ct. 8.332(b)(1) (providing for deletion of jurors' personal identifying information from documents filed on appeal).  Although the state trial transcripts contain the unredacted names of all jurors who served at Petitioner's trial, the filing in the public record of more readily accessible documentation reflecting the jurors' identities has not been shown to be justified.

Next, as discussed in this Court's Order Granting Petitioner's Motion for *Bittaker* Protective Order, compelling reasons justify the sealing of materials containing privileged attorney-client communications as well as work product information.  Accordingly, the sealing

1  of declarations and exhibits taken from trial counsel's files, as well as portions of the Petition
2  revealing the contents of those exhibits, is warranted.
3      Respondent's additional objections to the sealing of documents, specifically, that the
4  materials Petitioner wishes to seal are inadmissible, irrelevant, or contain new information barred
5  from this Court's review by *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), likewise are
6  unpersuasive. Neither the admissibility of the materials in question nor their relevance is
7  currently before the Court. Moreover, as noted in the Court's concurrently filed Order,
8  *Pinholster* dealt with a narrow issue – the scope of the record subject to review under 28 U.S.C.
9  § 2254(d)(1). *See Pinholster,* 131 S. Ct. 1398. The decision has no bearing on the propriety of
10 Petitioner's request to seal documents.

### Conclusion

For the reasons stated above, Petitioner's Motion to File Under Seal is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: December 10, 2012

                                  MAXINE M. CHESNEY
                                  United States District Judge

ORDER GRANTING MOTION TO FILE UNDER SEAL