UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAMON BOJORQUEZ SALCIDO,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>KEVIN CHAPPELL,<br>Acting Warden of San Quentin State Prison,<br><br>　　　　　　　Respondent. | Case Number 09-00586 MMC<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING MOTION FOR<br>*BITTAKER* PROTECTIVE ORDER |

On August 9, 2012, Petitioner, a condemned inmate at San Quentin State Prison, filed a Motion for Protective Order pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003). On August 22, 2012, Respondent filed an Opposition. On August 29, 2012, Petitioner filed a Reply. For the reasons set forth below, the Petitioner's motion will be granted.

**Background**

The instant habeas proceeding was initiated on February 9, 2009, when Petitioner asked the Court to appoint counsel and to stay his execution pending the completion of said action. The next day, the Court granted Petitioner's requests and referred the matter to the Court's Selection Board for recommendation of counsel. Petitioner was appointed counsel on August

10, 2011.  Following the Court's resolution of issues pertaining to equitable tolling, the Court directed Petitioner to file a finalized petition by August 10, 2012.

On August 9, 2012, Petitioner lodged with the Court a complete, unredacted version of his Petition and exhibits, as well as a proposed redacted version of the documents.  He also filed an Administrative Motion to File Under Seal Portions of the Petition, which filing is the subject of a separate order.

By the instant motion, Petitioner requests the Court issue a *Bittaker* protective order, *see Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), to ensure that all privileged attorney-client communications and work product information disclosed in his Petition be used only for purposes of litigating his Petition.  He argues that without a protective order, Respondent may potentially benefit from a windfall of information and unfair advantage should he be retried.

Respondent contends the *Bittaker* decision has no application outside the confines of court-compelled discovery, that a protective order is not necessary because California law affords Petitioner adequate protection, and the public's right of access would be infringed if a protective order were issued.  Respondent further contends Petitioner's request for a protective order is foreclosed under *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011).

**Discussion**

In *Bittaker*, the Ninth Circuit upheld a protective order that precluded the use of the petitioner's privileged materials "for any purpose other than litigating the federal habeas petition, and barr[ed] the Attorney General from turning them over to any other persons or offices, including, in particular, law enforcement or prosecutorial agencies."  *See Bittaker*, 331 F.3d at 717.  In approving the protective order, the Ninth Circuit recognized that while the "fairness principle" requires a litigant to make a limited waiver of the attorney-client privilege when he puts the lawyer's performance at issue during the course of litigation, *id*. at 718-19, courts must "closely tailor[] the scope of the waiver to the needs of the opposing party in litigating the claim in question," *id*. at 720.  The Ninth Circuit explained that two prevailing considerations justified extending protections to privileged information disclosed during habeas litigation.  First, the Ninth Circuit noted that a broad waiver rule, i.e., one that does not protect privileged

information, "would no doubt inhibit the kind of frank attorney-client communications and vigorous investigation of all possible defenses that the attorney-client and work product privileges are designed to promote." *Id*. at 722. Second, the Ninth Circuit wanted to ensure that both the prosecution and defense would be put "back at the same starting gate" if the petitioner won habeas relief, *id*. at 722-23, and "allowing the prosecution at retrial to use information gathered by the first defense lawyer – including the defendant's statements to his lawyer – would give the prosecution a wholly gratuitous advantage," *id*. at 724.

Although *Bittaker* dealt with a protective order in the context of court-compelled discovery, the Ninth Circuit has since made clear that *Bittaker*'s holding "extends to the entire habeas litigation, not to pretrial discovery only." *See Lambright v. Ryan*, 698 F.3d 808, 820, 822 (9th Cir. 2012) (holding, for purposes of Fifth Amendment protection, "[i]t was not necessary for [petitioner] to show that his testimony was compelled").

Respondent's other arguments advocating the denial of a protective order likewise are unavailing. To the extent respondent argues that California law already affords Petitioner adequate protection, *see People Ledesma*, 39 Cal. 4th 641 694-95 (2006)*,* the grant of a protective order would simply reinforce any protections accorded to Petitioner under state law. Next, Respondent's reliance on *Pinholster* is misplaced. *Pinholster* dealt with a narrow issue – the scope of the record appropriate for review under 28 U.S.C. § 2254(d)(1). *See Pinholster*, 131 S. Ct. at 1398 (describing issue as "whether review under § 2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before the federal habeas court"). The decision has no bearing on the propriety of Petitioner's request for a protective order. Finally, the public's right of access does not favor the denial of a request for a protective order. *See Bittaker*, 331 F. 3d at 725 n.9 (noting narrow waiver of privilege strikes appropriate balance among interests of habeas petitioner, prosecution, and public).

//
//
//
//

3

ORDER GRANTING MOTION FOR *BITTAKER* PROTECTIVE ORDER

**Conclusion**

For the foregoing reasons, Petitioner's Motion is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: December 10, 2012

_____
MAXINE M. CHESNEY
United States District Judge

ORDER GRANTING MOTION FOR *BITTAKER* PROTECTIVE ORDER