SEAN K. KENNEDY (No. 145632)
Sean_Kennedy@fd.org
Federal Public Defender
MARTA VANLANDINGHAM (No. 251661)
Marta_VanLandingham@fd.org
MICHAEL D. WEINSTEIN (No. 262179)
Michael_Weinstein@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Petitioner
RAMON BOJORQUEZ SALCIDO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON BOJORQUEZ SALCIDO,<br><br>  Petitioner,<br><br>  v.<br><br>KEVIN CHAPPELL, Warden of California State Prison at San Quentin,<br><br>  Respondent. | No. CV 09-00586 MMC<br><br>**DEATH PENALTY CASE**<br><br>**[PROPOSED] ORDER RE: *BITTAKER* PROTECTIVE ORDER ; DIRECTIONS TO PETITIONER** |

GOOD CAUSE HAVING BEEN SHOWN, Petitioner's Motion for a *Bittaker* Protective Order is GRANTED. Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), this Court enters the following Protective Order regarding: (1) documents and materials, including declarations, derived from the trial team or trial counsel files that Salcido provides to Respondent during this habeas action; (2) any related testimony provided at an evidentiary hearing in this matter; and (3) any reference to such documents or testimony in the parties' pleadings submitted to this Court.

1. To the extent that the Court will order the production of documents and discovery in this matter that Petitioner contends are subject to claims of privilege or protected from disclosure by the attorney work product doctrine, and to the extent that this Court will order Petitioner's trial counsel's file, including the files of other defense team members, be produced to the Respondent (or Petitioner turns over such documents voluntarily by filing any part of the material as supporting evidence in this action), such discovery shall be subject to this Protective Order and shall remain confidential and sealed. Further, to the extent that this Court will order the taking of the depositions of trial counsel, other members of the defense team, Petitioner, if such deposition is granted, and Petitioner's experts, such discovery shall be subject to this Protective Order and shall remain confidential and sealed. If an evidentiary hearing is held in this case, any testimony by Petitioner, Petitioner's experts, trial counsel, and any trial defense team member shall be subject to this Protective Order and shall remain confidential and sealed. ~~Petitioner contends that the testimony provided by these witnesses is subject to claims of privilege and/or protected from disclosure by the attorney work-product doctrine~~. If Respondent disputes any such designation of privilege, Respondent may move the Court for an order exempting such material from this Order.

2. All privileged documents and testimony produced to Respondent in this action may be used only for purposes of litigating

1

1 this habeas corpus proceeding by: (a) Petitioner and the members of the
2 legal team, i.e., lawyers, paralegals, investigators, and support staff,
3 assigned to *Salcido v. Chappell* by the Office of the Federal Public
4 Defender, and persons retained by Petitioner's counsel to litigate this
5 matter, including, but not limited to, outside investigators, consultants
6 and expert witnesses; and (b) Respondent and the members of the legal
7 team, i.e., lawyers, paralegals, investigators, and support staff, assigned
8 to *Salcido v. Chappell* by the California Department of Justice, Attorney
9 General's Office, and persons retained by Respondent's counsel to
10 litigate this matter, including, but not limited to, outside investigators,
11 consultants and expert witnesses. This Protective Order extends to
12 members of the legal teams and all persons retained by the parties to
13 litigate this matter. All such individuals shall be provided with a copy
14 of this Protective Order.

15      3. Except for disclosure to the persons and agencies described
16 in Paragraph 2, disclosure of the contents of the documents and
17 testimony and the documents and testimony themselves shall not be
18 made to any other persons or agencies, including, but not limited to,
19 prosecutorial agencies and law enforcement personnel, without the
20 Court's order. If Respondent contends that he needs to disclose
21 Petitioner's privileged material to outside prosecutorial agencies, outside
22 law enforcement personnel, experts, consultants, deponents or witnesses
23 in order to investigate or respond to Petitioner's habeas claims,
24 Respondent shall provide to Petitioner's counsel (a) the identity of the
25 individual/s to whom access is going to be provided, and (b)
26 Respondent's reasons therefor. Petitioner shall notify Respondent
27 within three court days of his non-opposition or objection to
28 Respondent's proposal. If Petitioner objects to Respondent's proposal,

2

and if the parties cannot resolve their differences within three additional court days, Petitioner shall provide his written objection to Respondent within three further court days. Respondent shall file and serve a document containing Petitioner's objections and Respondent's responses within three additional court days. The Court shall rule on Petitioner's objections before the privileged materials are disclosed. Any person obtaining access to the privileged material pursuant to this process shall also be given a copy of this Protective Order and shall sign a statement agreeing to be bound by the terms of this Protective Order.

4. Documents and testimony that Petitioner contends are privileged shall be clearly designated as such by labeling the documents or testimony in a manner that does not prevent reading the text of the document.

5. All documents and testimony designated as privileged by Petitioner that are submitted to this Court shall be submitted under seal in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record. Should an evidentiary hearing be held in this matter, privileged testimony shall be clearly designated as such by marking the transcripts of the proceeding. Any pleading, deposition transcript, discovery response or request, or other papers served on opposing counsel or filed or lodged with the court that contains or reveals the substantive content of the privileged matter shall be filed under seal, and shall include a separate caption page that includes the following confidentiality notice or its equivalent:

//
//
//

3

TO BE FILED UNDER SEAL

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL

**FILED ON DECEMBER 10, 2012**,

INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT

TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED

6. If privileged documents or documents containing privileged matters are filed with this Court, they shall be filed with the Clerk of this Court in ~~sealed envelopes~~ accordance with General Order 62(5) and prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged content, a party ~~may~~ shall file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

7. Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by Petitioner or members of Petitioner's trial team at a deposition or evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

8. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

4

No later than five court days from the date of this Order, Petitioner shall e-file under seal his unredacted Petition for Writ of Habeas Corpus in accordance with General Order 62(5) ("If a motion to file under seal is granted in part or in full, the requesting party will e-file the document under seal according to the procedures outlined in the FAQs on the ECF website.")

No later than five court days from the date of this Order, Petitioner shall e-file his redacted Petition for Writ of Habeas Corpus in the public record.

Dated: December 10, 2012

HONORABLE MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

Presented by:

*/S/ Michael Weinstein*
MICHAEL WEINSTEIN
Deputy Federal Public Defender

5