1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN FRANCISCO DIVISION**

11

12   RAMON BOJORQUEZ SALCIDO,                Case Number 09-00586 MMC

13                        Petitioner,         <u>DEATH-PENALTY CASE</u>

14        v.                                  ORDER DENYING RESPONDENT'S
                                              MOTION TO DISMISS AND
15   MICHAEL MARTEL,                          GRANTING PETITIONER'S
     Acting Warden of San Quentin State Prison,   MOTION TO STAY
16
                         Respondent.
17

18

19        Petitioner Ramon Bojorquez Salcido is a condemned prisoner incarcerated at California's

20   San Quentin State Prison.  Petitioner has filed a habeas petition containing thirty claims.  The

21   parties agree that claims 2(A), 2(C), 2(E), 2(F), 2(J), 2(M), 4, 7, 9, 12, 14, 29, 30(D), 30(I),

22   30(K) and 30(O) are unexhausted, and that claim 30(N) is premature.  Respondent has filed a

23   motion to dismiss, in which he contends all but three of said claims must be dismissed and that

24   the instant action should proceed only on those three claims and the exhausted claims.  In a

25   combined opposition and motion to stay, petitioner counters that the petition should instead be

26   stayed and held in abeyance pending his exhaustion of claims in state court.  Both motions have

27   been fully briefed.  For the reasons set forth below, respondent's motion to dismiss will be

28   denied and petitioner's motion for a stay and abeyance will be granted.

                                              1

**Background**

On October 30, 1990, petitioner, a citizen of Mexico, was convicted of six counts of first degree murder, one count of second degree murder and two counts of attempted premeditated murder. The jury also found true the multiple-murder special circumstance. He was sentenced to death on December 17, 1990.

On June 30, 2008, the Supreme Court of California affirmed Petitioner's conviction and sentence. *See People v. Salcido*, 44 Cal. 4th 93 (2008). On January 21, 2009, the United States Supreme Court denied certiorari. *See Salcido v. California*, 129 S. Ct. 1013 (2009). Thereafter, on May 20, 2009, the Supreme Court of California denied petitioner's state habeas petition. *See In re Salcido*, Cal. Supr. Ct. No. S091159.

On February 9, 2009, petitioner initiated the instant federal capital habeas action by seeking an order appointing counsel and staying his execution pending resolution of said action. The following day, the Court granted Petitioner's requests and referred the matter to this district's Selection Board for recommendation of counsel. On August 10, 2011, counsel was appointed to represent petitioner.

Following the Court's grant of equitable tolling (Doc. No. 27), petitioner, on December 14, 2012, filed a finalized petition.[1] On March 1, 2013, the parties filed a joint statement, agreeing that claims 2(A), 2(C), 2(E), 2(F), 2(J), 2(M), 4, 7, 9, 12, 14, 29, 30(D), 30(I), 30(K) and 30(O) are unexhausted, and that claim 30(N) (alleging lethal injection constitutes cruel and unusual punishment) is not ripe. Respondent has waived the exhaustion requirement with respect to claims 30(D), 30(I) and 30(K).

On March 18, 2013, respondent filed a motion to dismiss the petition on the ground it contains unexhausted claims; he requests the Court order petitioner to file an amended petition containing only exhausted claims. Petitioner has countered with a request for a stay and abeyance pending his exhaustion of said claims in state court; he argues that he is entitled to a

---

[1]Pursuant to this Court's Order Re: Administrative Motion to File under Seal Portions of the Petition for Writ of Habeas Corpus (Doc. No. 38), the finalized petition is deemed filed *nunc pro tunc* as of August 9, 2012, the date it was lodged.

1  stay under *Rhines v. Weber*, 544 U.S. 269 (2005), or alternatively, that the Court should issue a

2  stay under its inherent authority to control its docket.  Respondent contends a stay is not

3  warranted.

4  **LEGAL STANDARD**

5  **A.  Exhaustion**

6        Federal courts may not grant a writ of habeas corpus brought by a person in custody

7  pursuant to a state court judgment unless "the applicant has exhausted the remedies available in

8  the courts of the State."  28 U.S.C. § 2254(b)(1) (A).  The exhaustion requirement is grounded in

9  principles of comity as it gives states the first opportunity to correct alleged violations of a

10  prisoner's federal rights.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

11        A federal constitutional claim is exhausted when it has been "fairly presented" to the

12  highest state court and that court has had a meaningful opportunity to apply controlling legal

13  principles to the facts underlying the claim.  *Picard v. Connor*, 404 U.S. 270, 276-77 (1971);

14  *Anderson v. Harless*, 459 U.S. 4, 7 (1982); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.

15  1985), *cert. denied*, 478 U.S. 1021 (1986).  A claim has been "fairly presented" if the petitioner

16  described in state court both the legal theories and the operative facts on which he bases the

17  claim.  *Picard*, 404 U.S. at 277-78; *see Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1995).

18        In *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), the Supreme Court held federal habeas

19  review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that

20  adjudicated the claim on the merits.  *See id.* at 1398 (holding district court erred in considering

21  evidence introduced for first time in federal court).  Consequently, if a federal habeas petitioner

22  wishes a federal court to consider new evidence in deciding whether his claims survive review

23  under Section 2254(d)(1), he must first seek leave to present that evidence in state court.  *See,*

24  *e.g.*, *Gonzalez v. Wong*, 667 F.3d 965 (2011) (remanding potentially meritorious *Brady* claim

25  supported by newly-discovered materials obtained during federal habeas proceedings, with

26  instructions to district court to stay proceedings to permit petitioner to present claim to

27  California Supreme Court).

28

3

**B. Stay and Abeyance**

The Supreme Court follows a rule of "total exhaustion," requiring all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Where a petition contains both exhausted and unexhausted claims, however, a district court has discretion to stay such "mixed petition" to allow the petitioner to exhaust his claims in state court without running afoul of the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines*, 544 U.S. at 273-75. Further, a district court must stay a mixed petition if: (1) the petitioner has good cause for his failure to exhaust his claims, (2) the unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

Neither the Supreme Court nor the Ninth Circuit has articulated precisely what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. Digugliemo*, 544 U.S. 408 (2005), the Supreme Court stated, in dicta, that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" despite the state procedural bar. *See id.* at 416. More recently, in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court held that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default. *See id.* at 1315.

Additionally, the Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Ninth Circuit has also held, however, that the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine AEDPA's "dual purposes" of reducing delays in the execution of criminal sentences, and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (holding petitioner's mistaken "impression" that his counsel had included claim in appellate brief does not qualify as "good cause" for failure to exhaust; noting acceptance of such excuse "would render stay-and-obey orders routine").

Lastly, district courts have diverged in their interpretation of "good cause." A number of

1  district courts have drawn an analogy between "good cause" for failure to exhaust and the

2  showing required to overcome a procedural bar.  *See, e.g.*, *Hernandez v. Sullivan*, 397 F. Supp. 2d

3  1205,1207 (C.D. Cal. 2005); *Bader v. Warden*, 2005 WL 1528761 at *7 (D. N.H. 2005)

4  (unpublished memorandum).  As noted therein, to show "cause" for a procedural default, a

5  petitioner ordinarily must show some objective factor external to the defense impeded counsel's

6  efforts to raise the claim in state court.  *See Hernandez*, 397 F. Supp. 2d at 1207 (citing *Coleman*

7  *v. Thompson*, 501 U.S. 722, 753 (1991)); *see also Murray v.* Carrier, 477 U.S. 478, 488 (1986).

8  Other courts, however, have found the "good cause" requirement for a stay to be less stringent

9  than that required in the procedural default context.  *See, e.g.*, *Corjasso v. Ayers*, 2006 WL

10  618380 at *1 (E.D. Cal. 2006) (comparing good cause standard to that of excusable neglect);

11  *Hoyos v. Cullen*, 2011 U.S. Dist. LEXIS 462 (S.D. Cal. 2011) (same).

12                                    **DISCUSSION**

13         Respondent moves to dismiss the petition on the ground it contains unexhausted claims.

14  As noted, such a dismissal is unwarranted and a stay is appropriate where the petitioner (1) shows

15  good cause for his failure to exhaust, (2) establishes that his claims are potentially meritorious

16  and (3) shows that he did not intentionally engage in dilatory tactics.  *Rhines*, 544 U.S. at 273-78.

17  As discussed below, petitioner meets the requirements for a stay.

18  **A.  Good Cause**

19         Petitioner argues that the ineffective assistance of his prior counsel as well as changes in

20  the law stemming from the *Pinholster* decision constitute good cause for his failure to exhaust the

21  claims challenged by the instant motion.  He further argues that a stay is warranted pursuant to

22  the Court's inherent power to stay proceedings.

23         **1.  Ineffective Assistance Of Counsel**

24         Petitioner argues that due to post-conviction counsel's ineffective assistance, many of his

25  claims were never raised in state court, even though they were apparent from the record.  In claim

26  2(C), for example, he alleges his trial counsel were ineffective because they failed to seek

27  assistance from the Mexican consulate.  Petitioner asserts that post-conviction counsel never

28  raised this claim, even though petitioner's Mexican citizenship was an important issue

1    throughout the trial.  In claim 2(E), petitioner alleges that trial counsel were ineffective because

2    they failed to challenge the composition of the jury pool, in which minority groups were clearly

3    under-represented.  Petitioner asserts that Anglo-Saxon surnames dominate the reporter's

4    transcript, and that a reasonable post-conviction counsel would have raised an ineffective

5    assistance claim based on trial counsel's failure to raise a claim under *Duren v. Missouri*, 439

6    U.S. 357 (1979).  Petitioner points to similar omissions by post-conviction counsel with respect to

7    claim 2(F), in which he alleges trial counsel were ineffective in failing to move for a change of

8    venue, and claim 2(M), in which he alleges trial counsel were ineffective in failing to present

9    evidence of remorse.  Petitioner argues that "most, if not all," of his unexhausted claims "were

10   apparent from the record" (*see* Opp'n at 6:10-13) and that post-conviction counsel's ineffective

11   assistance in failing to raise them constitutes good cause for his failure to exhaust.

12        Respondent counters that the "cause" standard articulated in *Martinez* for overcoming

13   procedural default should, by analogy, be applied in this case.  As discussed above, "cause"

14   sufficient to overcome procedural default requires a petitioner to show that some objective factor

15   external to the defense impeded counsel's efforts to raise the claim in state court.  *See Murray*,

16   477 U.S. at 488.  Respondent argues that petitioner fails to meet this standard.

17        Although a number of courts have held ineffective assistance of counsel during post-

18   conviction proceedings may constitute good cause for failure to exhaust claims in state court,  *see*,

19   *e.g.*, *Ramchair v. Conway*, 2005 WL 2786975 at *16-17 (E.D.N.Y. 2005); *Boyd v. Jones*, 2005

20   WL 2656639 at *4 (E.D. Mich.); *Fradiue v. Pliler*, 2005 WL 2204862 (E.D. Cal. 2005), *Martin v.*

21   *Warren*, 2005 WL 2173365 (E.D. Mich. 2005), the Court, in this instance, need not determine

22   whether such showing is sufficient to show good cause, because, as discussed below, the change

23   in the law stemming from *Pinholster* suffices to do so.

24        **2.  Change in Law**

25        Petitioner argues that the Supreme Court's recent decision in *Pinholster* compels a stay

26   and abeyance in this case.  The Court agrees.

27        Under *Reed v. Ross*, 468 U.S. 1 (1984), a change in the law may constitute "cause" for

28   apetitioner's failure to timely raise an issue in state court. *See id.* at 16.  In particular, the Supreme

Court held, "where a constitutional claim is so novel that its legal basis is not reasonably available

to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable . .

. procedures." *Id.*  In so holding, the Supreme Court outlined several examples of when a claim is

"not reasonably available" so as to be considered "novel," including a situation where the

Supreme Court issues a decision that "disapprove[s] a practice . . . sanctioned in prior cases." *Id.*

at 17.  As discussed below, *Pinholster* is such a decision.

In particular, as the district court in *Martinez v. Martel*, *Order Granting Leave To Amend*

*And A Stay Pursuant To Rhines v. Weber*, CV 04-09090 (C.D. Cal. July 17, 2011), observed:

> *Pinholster* significantly altered what petitioner must do to exhaust his federal
> constitutional claims so that the federal court can review them de novo.  Under the
> traditional test, exhaustion occurs when a habeas petitioner has 'fairly presented'
> his or her claim to the highest state court . . . .  Under traditional analysis, new
> evidence presented for the first time in federal court does not render a claim
> unexhausted unless it 'fundamentally alter[s] the legal claim already considered by
> the state courts.'  Prior to *Pinholster*, the Court consistently held that traditional
> exhaustion doctrine was unaffected by AEDPA.  Although *Pinholster* does not, by
> its terms, purport to alter the exhaustion requirement, *Pinholster* holds that, in
> determining whether a habeas petitioner's claim survives review under AEDPA,
> 'review under § 2254(d)(1) is limited to the record that was before the state court
> that adjudicated the claim on the merits.' . . .  After *Pinholster*, if a federal habeas
> petitioner wishes for a federal court to consider new evidence in deciding whether
> his claims survive review under Section 2254(d)(1), he must first present that
> evidence in state court.  Although not couched in terms of exhaustion, *Pinholster*'s
> holding substantially tightens the exhaustion requirement, imposing a 'new
> obligation' with which a habeas petitioner must comply to obtain de novo review
> of his claims in federal court.

*Martinez* at 37-39 (internal citations omitted).  Because the change in the law effected by

*Pinholster* implicates a circumstance constituting "cause" under *Reed*, it constitutes good cause

for petitioner's failure to exhaust.  *See Burney v. Martel, Order On Petitioner's Motion For A*

*Stay Pending Exhaustion*, CV 10-0546, at 17-18 (C.D. Cal. November 14, 2011) (adopting

*Martinez* analysis).

Respondent argues that the change in the law occasioned by *Pinholster* nonetheless does

not warrant a stay here.  Rather, respondent asserts, petitioner failed to diligently present his

claims in state court as required by state law, and in fact, made a conscious decision to withhold

evidence from the state court, essentially engaging in "sandbag[ing]."  (*See* Resp.'s Reply at 8:6-

8.)  The Court, however, finds petitioner's reliance on both state and federal law as operative at

that time, cannot fairly be so characterized.

California law requires a petition to "both (i) state fully and with particularity the facts upon which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including portions of trial transcripts and affidavits or declarations." *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) (internal citations omitted). There is no requirement under state law that a petitioner present, at the pleading stage, all of the evidence that supports his claim. Moreover, by returning to state court for exhaustion, petitioner will be advancing the dual principles of AEDPA, comity and federalism, by giving the state court the first opportunity to consider his claims based on a full presentation of the evidence. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (noting exhaustion requirement gives state opportunity to pass on and correct alleged violations of federal rights).

Accordingly, petitioner satisfies the first of the three *Rhines* requirements.

**B.  Potentially Meritorious Claims**

Petitioner argues that his unexhausted claims are potentially meritorious. He asserts that he has filed a 452-page petition containing allegations that are neither vague nor conclusory but, rather, specific averments supported by eighty-three exhibits, and that such claims are not potentially frivolous.

Under the second prong of the *Rhines* test, a district court would abuse its discretion if it were to grant a petitioner a stay when his unexhausted claims are "plainly meritless." *See Rhines*, 544 U.S. at 277. Here, petitioner has articulated cognizable constitutional claims supported by relevant legal authority, and has presented such evidence and offers of proof as are available to him at this time. Based on its review of the record, the Court cannot conclude petitioner's unexhausted claims can be characterized as "plainly meritless." *See id.*

Accordingly, petitioner satisfies the second of the three *Rhines* requirements.

**C.  Absence of Dilatory Tactics**

Under *Rhines*, if the first two requirements are met, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if . . . there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. In its order granting equitable tolling, the Court already has found petitioner has been pursuing his

1  rights diligently.  (Doc. No. 27.)  Since that time, petitioner has been following this district's

2  Habeas Local Rules in litigating his petition, and there is no evidence suggesting petitioner has

3  engaged in dilatory litigation tactics

   Accordingly, petitioner satisfies the third of the three *Rhines* requirements.

4

                                        **CONCLUSION**

5

6  For the reasons stated above:

7  1.  Respondent's Motion to Dismiss is hereby DENIED.

8  2.  Petitioner's Motion to Stay is hereby GRANTED.

9  3.  Petitioner shall file an exhaustion petition raising claims 2(A), 2(C), 2(E), 2(F), 2(J),

10  2(M), 4, 7, 9, 12, 14, 29 and 30(O) in state court within 30 days of the date of this Order.

11  4.  Although Respondent waives the exhaustion requirement with respect to claims 30(D),

12  30(I) and 30(K), any supporting allegation or documentation that was not part of the state

13  court record must, pursuant to *Pinholster*, be presented to the California Supreme Court

14  before it may be reviewed by this Court under 28 U.S.C. § 2254(d)(1), and, accordingly,

15  are to be included in the exhaustion petition.

16  5.  Ninety days after the entry of this Order, and every 90 days thereafter until proceedings

17  in his state exhaustion case are completed, petitioner shall file in this action a brief report

18  updating the Court and the parties as to the status of his pending state habeas action.  No

19  later than 30 days after proceedings in his state case are completed, petitioner shall serve

20  and file notice that proceedings are completed.

21  IT IS SO ORDERED.

22  DATED: September 30, 2013

23

24  MAXINE M. CHESNEY
    United States District Judge

25

26

27

28

                                           9